## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MELISSA MORA,**

      **Plaintiff,**

                              **Case No.:**

        **v.**

**ALDI (FLORIDA), LLC, a Florida**
**Limited Liability Company**

        **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MELISSA MORA (hereinafter "MORA" or "Plaintiff"), by and through undersigned counsel, hereby file this Complaint against Defendant ALDI (FLORIDA), LLC ("ALDI" or "Defendant"), and states as follows:

## INTRODUCTION

1.    This is an action to remedy discrimination based on disability pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. §1210, for the violation of her rights to be free from disability discrimination and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

3.     This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiffs worked for Defendant in Brevard County, Florida.

4.     The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Brevard County, Florida.

## PARTIES

5.     Plaintiff was hired by Defendant on or about August 2019 as Store Associate.

6.     Defendant is a Florida limited liability company that specializes in the sale of food and produce.

7.     Plaintiff was employed at Defendant's Rockledge, Florida location.

8.     At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

9.     At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## ADAAA STATUTORY PREREQUISITES

10.    On or about December 14, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA). A copy of this Charge, is attached hereto as **Exhibit A**.

11.    The EEOC, on or about June 20, 2021, issued a Dismissal and Notice of Rights as to the Charge attached as **Exhibit B**.

12.    This action is being commenced within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## GENERAL ALLEGATIONS

13.    At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

14.    Plaintiff has retained The Leach Firm, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

15.    Plaintiff suffers from Fibromyalgia, a disabling or "perceived" disability" condition under the ADAAA.

16.    Fibromyalgia is a medical condition that causes pain all over the body (also referred to as widespread pain), sleep problems, fatigue, and often emotional and mental distress.

17.    Plaintiff was employed by Defendant as a Store Associate during

all relevant times.

18.    Plaintiff brings these claims for disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADAAA"). Plaintiff is seeking damages including lost wages, compensatory damages, punitive damages, injunctive relief and their attorneys' fees and costs.

## FACTUAL ALLEGATIONS

19.    Plaintiff suffers from Fibromyalgia, a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory and mood issues.

20.    Fibromyalgia is a disabling condition under the ADAAA.

21.    Plaintiff informed Defendant of her medical condition and provided a doctor's notes and medical records requesting a medical accommodation.

22.    The medical accommodations request included weight restrictions for 20 pounds or more and not to work in the freezer.

23.    Defendant's General Manager approved the accommodations.

24.    Plaintiff successfully completed her job for nearly a year with the accommodation.

25.    On or about July 2020, Defendant hired a new General Manager, Nicole Hebble.

26.    Immediately after her hire, Hebble began questioning Plaintiff about her medical accommodation and even requested that Plaintiff resubmit the medical documentation that supports the accommodation.

27.    Plaintiff provided the medical documentation with the same restrictions but was told by Hebble that it was not enough.

28.    Plaintiff was given a three-page form to be completed by her doctor.

29.    Plaintiff submitted the completed form to Defendant soon after and was told that it had to be approved by the corporate offices.

30.    Plaintiff's request for an accommodation was denied and her employment was terminated two weeks later because of her disability.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADAAA

31.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 30, above.

32.    Plaintiff has a bona fide disability that affects a major life function.

33.    Plaintiff has been discriminated against by the Defendant due to her bonafide disability in violation of Federal law.

34.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an

undue hardship to Defendant.

35.     Moreover, Defendant regarded Plaintiff as having a disability when they denied her an accommodation.

36.     Plaintiff is protected by the ADAAA:

    a.  Plaintiff was disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

    b.  Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

37.     Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

38.     Plaintiff's medical conditions are a protected disability under the ADAAA, as amended. See 42 U.S.C. § 12102.

39.     Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

40.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

41.     Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of their positions, even though Plaintiff could perform same with a reasonable accommodation.

42.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

43.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

44.    Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

45.    Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a member of a protected class as envisioned by the ADA.

46.    Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

47.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

48.    The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

49.    The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

51.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Compensatory damages for emotional pain and suffering;

    e.   Injunctive relief;

    f.   Prejudgment interest;

    g.   Costs and attorney's fees; and

    h.   Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADAAA

52.   Plaintiff reincorporates and adopts all allegations contained

within paragraphs 1 through 30, above.

53.    Plaintiff requested a reasonable accommodation for her disability/perceived disability.  This constituted protected activity under the ADAAA.

54.    Instead of approving Plaintiff's request for accommodations, the Defendant terminated her.

55.    Upon information and belief, Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for Plaintiff, and resulting termination of her employment, was, in whole or in part, motivated by Plaintiff's request for accommodation.

56.    As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

57.    The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

58.    The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

59.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Injunctive relief;

d. Prejudgment interest;

e. Costs and attorney's fees; and

f. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demand a trial by jury.

Dated this 25th day of August, 2021.

*s/Bruce A. Mount*
Anthony J. Hall, Esq.
FL Bar No. 40924
Bruce A. Mount, Esq.
FL Bar No. 88754
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-543-6817
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Counsel for Plaintiffs*
